Judge Buckner
delivered the opinion of the Court.
Edmondson moved the Fleming circuit court for leave to file a bill, with the - exhibits therein referred to, as a hill of review, which presents-in süb-stance, the following case.
Benjamin Moseby married the daughter of Edmon-son, by whom he had no child, and died. After his ■marriage, Moseby, by the permission of his father-in-law, settled and made improvements, upon a tract of land of five hundred acres, belonging to the latter. By a written contract with Payne and Anderson, Moseby bound himself to convey to them said tract, for the price of $5000, but did not comply with his obligation.
The sum was to be paid by instalments, secured by notes. One of those notes had been assigned to Wallace, upon which he had instituted suit, and recovered judgment.
Payne and Anderson then filed their bill in chancery •against said Wallace, the administrator and heirs of Moseby, who were his brothers and sisters, and against Edmondson, alleging that the latter held the legal title to the land, on which Moseby bad settled, and had executed a covenant to him, Moseby, binding himself to convey it to him; and had united with him in (he sale to them; but, that after Mosby's death, he had obtained possession of the obligation, and concealed or destroyed it. They prayed, that Edmondson might be compelled to convey, if able; if not able, that the contract might be rescinded. ,
*498 The bill aforesaid, was answered by the administrator and heirs of Moseby, who insisted, that Edmondson had contracted with Moseby, to give him the land,and • had executed a bond for the conveyance, .which he had obtained possession of, after Moseby’s death, and retained, and had, moreover, assented to the sale made to Payne and Anderson.. They made their answer a cross bill against Edmondson; and prayed that he might be compelled to convey to them, in which event, they professed their willingness to convey to Payne and Anderson.
To each of these bills, Edmondson bled his answer, relying upon the statute against frauds and perjuries, ■and denying that he had sold or g ven the land to Mose-by, either by writing or parol, or had encouraged him to sell to Payne and Anderson; or had promised to unite in the sale; which answer was bled by order of the court, as the record of the suit will show. Pending that suit, he, Edmondson, entered into a contract with Payne and Anderson, by which he sold the land to them. In the writing executed as the testimony of said contract, the ■circumstances of the sale made by Moseby, and the inability of the heirs to convey, because Edmondson vas invested with the title, were set forth; and it was thereby stipulated, that he should convey to them, at the price of about $3700, they agreeing to pay the difference between that sum; and the $5000, to Wallace, Moseby’s assignee, as a compensation for improvements made by Moseby on the land while he had it in possession; and for which amount, Wallace had recovered judgment. Payne and Anderson, by the writing aforesaid, bound themselves never to set up any claim against the heirs or administrators of Moseby, for a failure to convey said five hundred acres. A copy of the article of agreement, and of his answer were made exhibits in the present bill.
Edmondson, also entered into a contract with the heirs of Moseby, through their regularly constituted agent, by which they bound themselves for a valuable consideration, to sanction the sale of the five hundred acres of land made by him to Payne and Anderson; ■that the suit, so far as he was concerned, by being made a defendant to their cross bill should be dismissed; that • their attorney should be immediately informed of said *499 agreement, and directed to cause an order of dismission. to be entered; and that they would relinquish all claim which they had against Payne and Anderson, for such portion of the p.ic.e agreed to be paid by them to Benjamin Moseby, as remained unpaid.
Edmondson, in consequence of those contracts with-Payne and Anderson, and with said heirs, and knowing that his answer was a full denial of every allegation of the cross bill, which could injuriously affect his interest; and there being no proof in the cause, in support of those allegations, remained satisfied, and employed no counsel to attend to the case for him. In his absence, nevertheless, the cause was tried; and on the trial, his answer was not to be found, having been accidentally lost, or mislaid. In consequence of his having no one present to defend him, no motion for a continuance was made; anda decree was en'ered, with which Payne and Anderson being dissatisfied, prayed, an appeal, which was determined in December, 1827.. In the opinion delivered, the court of appeals decided, that as Edmondson’s answer was lost or mislaid, he must' share the fate of a defendant, who had not answered at all; that the cross bill of Moseby’s heirs against him must be taken as confessed, and he be compelled to convey to them. That opinion was entered in the Fleming, circuit court, at the March term, 1828, and such proceedings were thereupon had, as will compel a conveyance of Edmondson’s title to the land, to be made by a commissioner, by the second day of the June term, 18.28, unless prevented.
Edmondson was entirely ignorant of all the proceedings in the suit,.which had taken place since his agreement with Moseby’s heirs, that the suit should be dismissed ; and.did not learn that a decree had heen ente ed in the cause, until after the opinion of the court of appeals referred to, had been pronounced. VI Mon. 380.
The bill concludes with a prayer, that it may be filed as a bill of review, and that an injunction be granted; preventing an execution of the decree directed by the court of appeals. Moseby’s heirs, &c. are made defendants.
The circuit court overruled the motion; whereupon Edmondson obtained an appeal to this court, which he has prosecuted to reverse the decision of the court below.
Object of a bill of review is to procure an examination and reversal of a decree made upon a former bill and signed by the person holding the great seal and enrolled. Bills of rpview are on matters dehors the record, and on errors of laxo apparent on the face the decree.. Leave of the court must be obtained to file the former. The latter is filed of course.
The object of a bill of review, says Mitford, in hi?, treaties on pleadings in chancery, page 78, is to procure an examination and reversal of a decree made upon a former bill, and signed by the person holding the great seal and enrolled.
It may be brought upon error of law, appearing in the body of the decree i'.pelf; or upon discovery of new matter. In the first case, the decree can only be reversed, upon the ground of apparent error, as if an absolute decree be made against a person, who, upon í4íhe face of it, appears to have been, ac the time an infant.” “A bill of this kind may be filed without the leave of the court, previously given. But if it is sought to reverse a decree signed and enrolled, upon the discovery of some new matter, the leave of the court must be first obtained. And this will not be granted, but upon allegations, upon oath, that the new matter could not be produced or used by the party claiming the benefit of it, at the time when the decree was made.”
“The same author, pages. 81 — 2, says: To render a hill of review necessary, the decree sought to be impeached, must have been signed and enrolled. If, therefore, this has not been done, a decree may be examined and reversed, upon a species of supplemental bill, in the nature of a oill of review, where any new matter has been discovered since the decree. It is necessary to obtain the leave of the court, to bring a supplemental bill of this nature.”
In the case of Blight, &c. vs. McIlroy, &c. IV Mon. 145, the same distinction between the different kinds of bills of review is laid down.
The above definition of a bill of review, and the remarks of Mitford, with lespect to the different kinds, show very clearly, that the bill under consideration, cannot properly be regarded as a bill of review, technically so called.
Ihe matter discovered, must be such, as was not known in the former case; or evidence of a permanent and unerring natuie, to points before in issue; as a receipt, release, &x. pi oved to have been discovered since the decree was rende.red; and the reason why the relief is confined to cases where such new matter is discovered, was correctly given by the Lord Chancellor, *501 In the case of Taylor vs. Sharp, III Peere Williams, 371, where he says, that otherwise it might be made use of, as a method for a vexatious person to be bp-pressive to the other side, and for the cause never to beat rest.
Decree abtained by faudmay be impeached by bn^^Leave 0f the court act necessary-of SU°
In the present case, Edmondson docs not complain, that there is error, apparent on the face of the decree; and if such error existed, and could by such a bill, af.er the case had been decided by this court, be remedied;it has been already shown, that it would not .have been necessary, preparatory to filing it, to obtain the leave of the court.
He does not pretend that he has discovered new matter, not before in issue, or evidence of a permanent and unerring nature to points before in issue; but the evil complained of is, that he was lulled into a fallacious conviction of security against any danger from a decree in the case, from having comprom sed the mutters in dispute, with his adversaries, and receiving from them a prom se, that the suit should be dismissed; and that in violation of that promise they proceeded, and that too, in his absence; and when his answer was lost or taken out of the papers, to lake a decree against him. If those facts be true, he certainly will not be without the means of redress.
If a decree has been obtained by fraud, it may be impeached by original bill, without the leave of 'the court; the fraud used in obtaining the decree, the piincipal point in issue, and necessary tobe established by proof, before the propriety of the deerte can be investigated. And where a decree has been so obtained, the court will restore the parties to their fo:mer situation, whatever their rights may be. See Milford’s pleadings, 84. The same doctrine was laid down in the case of Loyd vs. Mansell, II Peere Williams, 73, where it was objected, that according to this rule, a decree might be set aside by an original bill; to which the chancellor replied, that sgch a gross fraud (as bad been practised) was an abuse on the court, and sufficient to set any decree aside. In the case of Richmond vs. Tayleur, I Peere Williams, 733, such a bill was filed without leave; and the chancellor said, “if any fraud or surprise upon the court bad been proved, I would *502 have set aside the decree.” See also, I Brown, Parl. cases, 414; Ambler, 229; III Atkyns’ Rep. 811; cases Time of Talbot, 201. Writers-on pleadings in chancery speak of sach a bill, as being of the nature of a bill of review; but we have not seen any case, where it has been decided to be necessary- to obtain from the court, leave to file it.
Error in the court, to refuse leave to file such a bill of review as might have been filed "f course; provided, the allegations be such as to warrant relief, if true.
Proper, as a general rule, to apply to the court for leave, to file any bill to reverse, alter, or explain a decree. Cases, in which such bills may be filed without leave of the court, ought to he considered exceptions to the general rule.
But however undeniable the right of Edmondson to-file his bill without the leave of the court may be, it does not thence follow, that as he thought proper to apply to the court for permission, be was not injured by the refusal, in such manner as to demand a correction of the error, ifhismoiion was improperly rejected. We have not been enabled to find any case, in which the point has been expressly decided. In the case cited, of Blight vs. McIlvoy, &c. IV Monroe, 146, it seems to be impliedly admitted, that it would be an error, which the appellate court should correct. The necessity of requiring permission to be obtained, preparatory to filing a bill of review, originated in rules of practice adopted and entered as the rules of practice, by the English courts of chancery. Those rules may have been variant at different periods. They were probably entered up, from time to time, as experience suggested their propriety, or dictated their necessity.
There does seem to be obvious propriety, asa general rule, to apply for leave, to file any bill to reverse, alter, or explain a decree, and the cases in which it may be done, without the consent of the court previously given,, ought-to beconsideied as exceptions to the general rule. But should a party choose to waive the right, which he has under the exception, and apply to the court, it may be a serious injury to him, to have his application rejected, if his- case merits relief. What would be his remedy in such case? Should be file his bill in the cleric’s office, and demand process upon it?Might not the clerk be considered as acting in contempt of the authority of the court, to comply with his re-, quest, in violation of the opinion of the court, entered upon the records? And should he do it, would not the court refuse to permit the cause to be docketed ? Those are points not necessary to be decided, in the present case. It is sufficient to say, that in such a case, the more obvious and appropriate remedy, is the one Ed- *503 mondson has adopted. If a decree has been obtained against him, for the land by fraud, he ought to have an opportunity afforded hjm, of having it investigated;_ and upon the establishment of the fact, relief should be afforded.
Mills and Brown for appellant; Flaming, for appel-lees.
Upon motion for leave to file the bill, it appeared that he was not a resident of this state, and upon that ground it has been contended, the circuit court properly refused the permission asked for, as he tendered no bond with surety, to the defendants, for the costs of the suit. Such a bond should be executed previous to the institution of the suit; and had Edmondson refused to execute it, the motion for leave to file his bill, ought to have been rejected. But it is not intimated in the record, that the opinion of the court was founded on that ground. The leave ought, therefore, to have been granted upon the condition, that'he filed a bond as required by law.
The order of the circuit court must be reversed, and the case remanded to that court, with directions to permit the bill to be filed, upon the terms pointed out.